# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3220-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MICHAEL P. KNIGHT,
a/k/a JAMAL GREEN,
RASHAD GREEN, JOSEPH
LITTLE, and MICHAEL ROSS,

    Defendant-Appellant.

_____

Submitted June 7, 2022 – Decided July 27, 2022

Before Judges Fisher and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Accusation No. 17-12-1124.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen Ann Lodeserto, Designated Counsel, on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (David M. Liston, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Michael P. Knight, appeals the denial without an evidentiary hearing of his motion for post-conviction relief (PCR). He alleges that he received ineffective assistance of counsel in that he was not properly advised of his exposure at sentencing, and his counsel failed to present certain medical information about him to the sentencing court which could have been applicable to mitigating factor four. We reject defendant's claims and affirm.

I.

On May 4, 2016, in New Brunswick, defendant encountered P.S.[1] and dragged her a distance to a secluded area in a college campus and sexually assaulted her. Passers-by heard P.S. screaming for help and chased defendant away. One of the passers-by pursued defendant and called police with a detailed description. The record shows P.S. was discovered lying motionless on the ground, with her face severely beaten and covered in blood. Her pants and undergarments had been pulled down. As a result of the assault, P.S. suffered numerous injuries including a broken jaw, broken teeth, broken orbital sockets, and abrasions to her hands and knees. She had been digitally penetrated.

---

[1] We use initials to protect the privacy of the victims pursuant to Rule 1:38-3.

The police investigated, reviewing surveillance footage of the area, taking DNA samples from P.S.'s fingernails, and interviewing multiple witnesses. As a result of the investigation, defendant was taken into custody on May 14, 2016.

Defendant was indicted on multiple charges, including: four counts of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(3), (6), and (7); one count of first-degree kidnapping, N.J.S.A. 2C:13-1(b); one count of second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); one count of third-degree criminal sexual contact, N.J.S.A. 2C:14-3(a); one count of third-degree endangering an injured victim, N.J.S.A. 2C:12-1.2; and one count of third-degree terroristic threats, N.J.S.A. 2C:12-3(a).

Defendant pled guilty to one count of first-degree aggravated sexual assault and one count of first-degree kidnapping.

At the plea hearing, the trial court reviewed the terms of the agreement with defendant. Defendant acknowledged that he faced a potential maximum exposure of fifty-years on the aggravated assault and kidnapping charges alone, not including the remaining charges which the State proposed to dismiss as part of the plea. Defendant informed the court that, in return for his plea of guilty on the two charges, he understood the State would recommend a lesser sentence of twenty-two years on the kidnapping charge with a concurrent fifteen years on

A-3220-20

the sexual assault, subject to Megan's Law penalties and parole supervision for life. Defendant then testified to a detailed factual basis, admitting to both crimes. During the hearing, the court conducted a thorough voir dire of defendant:

> THE COURT: . . . you went over the plea form . . . with . . . your lawyer; is that correct?
>
> DEFENDANT: Yes.
>
> THE COURT: Okay. And [did] he answer[] any questions you had about the plea form? He answered all your questions?
>
> DEFENDANT: Yeah.
>
> THE COURT: [A]re all your responses on the plea form truthful?
>
> DEFENDANT: Yes.
>
> THE COURT: Are you satisfied with the representation of counsel?
>
> DEFENDANT: Yes.
>
> The COURT: [W]hen you went over this plea form with your lawyer, did you put your initials at the bottom of each page?
>
> DEFENDANT: Yes.
>
> THE COURT: Did you sign the last page?
>
> DEFENDANT: Yes.

4

On May 18, 2018, the court sentenced defendant in accordance with the plea agreement. Defendant filed a direct appeal, challenging only his sentence, and we affirmed. The Supreme Court denied defendant's petition for certification. Defendant moved for PCR before the same judge that took the plea and imposed the sentence. The court denied the application without a hearing. Defendant appeals, arguing:

> POINT ONE
>
> THE PCR COURT ERRED IN DENYING MR. KNIGHT AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED FROM PRIOR COUNSEL J.D. EXPLAINING WHY HE FAILED TO PRESENT MITIGATING EVIDENCE TO THE COURT ON BEHALF OF MR. KNIGHT AT SENTENCING.
>
> POINT TWO
>
> THE PCR COURT ERRED IN DENYING MR. KNIGHT AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED FROM PRIOR COUNSEL J.D. EXPLAINING WHY HE FAILED TO ACCURATELY RELAY THE TERMS OF THE PLEA OFFER TO MR. KNIGHT.

II.

We use a de novo standard of review when a PCR court does not conduct an evidentiary hearing. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (citing State v Harris, 181 N.J. 391, 421 (2004)). When petitioning for

PCR, a defendant must establish he is entitled to "PCR by a preponderance of the evidence." State v. O'Donnell, 435 N.J. Super. 351, 370 (App. Div. 2014) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)).

We analyze ineffective assistance of counsel claims using the two-prong test established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). See Preciose, 129 N.J. at 463; see also State v. Fritz, 105 N.J. 42, 58 (1987). The first prong of the Strickland test requires a defendant to establish counsel's performance was deficient. Preciose, 129 N.J. at 463. "The second, and far more difficult, prong is whether there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. at 463-64 (quoting Strickland, 466 U.S. at 694).

There exists a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Strickland, 466 U.S. at 689. Further, because prejudice is not presumed, defendant must demonstrate how specific errors by counsel undermined the reliability of the proceeding. State v. Drisco, 355 N.J. Super 283, 289-90 (App. Div. 2002) (citing United States v. Cronic, 466 U.S. 648, 659 n.26 (1984)).

III.

We consider defendant's plea argument first. He argues his counsel misled him regarding sentence exposure, and that counsel failed to accurately relay the terms of the plea offer to him prior to pleading guilty, advising him he would receive a sentence of ten years subject to NERA. He further argued that Megan's Law was not fully explained to him. We find no merit in this argument. "[M]erely raising a claim for PCR does not entitle one to an evidentiary hearing." State v. L.G.-M., 462 N.J. Super. 357, 364 (App. Div. 2020). The record shows defendant understood his maximum sentencing exposure as well as the real-time consequences of his actual sentence:

> THE COURT: All right. You understand that absent this plea agreement you face up to twenty years in prison on the aggravated sexual assault and -- thirty years on the kidnapping, for a total of fifty years in prison; you understand that?
>
> DEFENDANT: Yes.
>
> THE COURT: That's just on these two charges that you're pleading guilty to. [T]he plea bargain here . . . will result in the dismissal of all the remaining counts in both the accusation and the indictment. And[] the State's going to recommend at sentencing that . . . I sentence you to twenty-two years in prison . . . subject to the . . . parole ineligibility period of eight[y]-five percent . . . pursuant to No Early Release Act. And, on the aggravated assault . . . aggravated sexual assault I sentence you to fifteen years in prison with an eighty-

five percent period of parole ineligibility, . . . pursuant to the No Early Release Act, concurrent. Which means that you're looking at a maximum of twenty-two years in prison and you'd have to serve eighty-five percent of that time before you're eligible for parole. Do you understand that?

DEFENDANT: Yes.

THE COURT: It also . . . it's also conditioned on you having no contact with the victim, paying restitution . . . and . . . and you'd be subject to Megan's Law and parole supervision for life; you understand that?

DEFENDANT: Yes.

When we weigh defendant's self-serving statement that his counsel did not accurately inform him of his sentencing exposure against the crystal-clear colloquy between the defendant and the court, we find defendant failed to show by a preponderance of the evidence that he met the first prong of Strickland. Preciose, 129 N.J. at 463. For completion, we note defendant falls far short as to the second prong of Strickland. Defendant cannot show the result would have been different but for the error alleged. Id. at 463-64. Even if defendant was misinformed by his counsel, any extant confusion was quickly corrected by the court.

Defendant next argues he was denied effective legal assistance because his counsel presented minimal arguments in mitigation of his actions at

sentencing. Defendant contends that he was diagnosed as schizophrenic and emotionally disturbed, with a history of alcohol, marijuana, and ecstasy use, and had received various treatments. He asserts that this information along with the pertinent medical records should have been presented to the sentencing court as mitigating factors. We are not persuaded.

The record shows the sentencing court possessed this very information in the form of defendant's presentence report, and it was aware of defendant's mental health issues. The presentencing report contains detailed information regarding defendant's mental and emotional health history, current behavioral challenges, and recommended treatment. Like the PCR court, we are not persuaded that additional medical records on the same health history would have impacted defendant's sentence.[2] This argument fails to meet the first prong of Strickland. Preciose, 129 N.J. at 463. But even if we deemed trial counsel ineffective for not producing certain records, defendant cannot show prejudice in light of defendant's extensive history in the presentence report. Id. at 463-64.

In sum, defendant has failed to draw the required nexus between "specific errors of counsel" he has alleged and any harm to the reliability of his trial.

---

[2] The PCR court noted that while defendant argued that his trial counsel was ineffective for failing to present certain medical records at sentencing, defendant failed to present those medical records at the PCR hearing.

Drisco, 355 N.J. Super. at 290 (citing Cronic, 466 U.S. at 659 n.26). No evidentiary hearing is merited.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3220-20